GUTMAN, APPELLEE, *v.* INDUSTRIAL COMMISSION OF
OHIO, APPELLANT.

(No. 687—Decided November 16, 1942.)

*Mr. R. S. Horan* and *Mr. Alva W. Bachman,* for
appellee.

*Mr. Thomas J. Herbert,* attorney general, *Mr.
Robert E. Hall* and *Mr. C. G. L. Yearick,* for appellant.

OVERMYER, J.   This is a workmen's compensation
case, begun by Pearl Gutman as plaintiff in Common
Pleas Court, seeking an award for the death of her
husband, Walter J. Gutman, who died November 20,
1939, allegedly as a result of injuries suffered on De-
cember 19, 1936, in the course of and arising out of his
employment.   It was charged that the injuries caused
a heart condition and a hernia and that his death was
proximately due to aggravation and acceleration of
these injuries.

Upon issues joined, trial was had which resulted in
a verdict for claimant.   A motion for new trial was
overruled, followed by judgment on the verdict, and
this appeal seeks reversal of that judgment.

The assignments of error relate to claims that the verdict is contrary to law; that it is not supported by and is against the weight of the evidence; that there was error in the admission of evidence; failure to direct a verdict for defendant; and failure to grant a new trial.

The assignment of error we shall discuss is that relating to the admission of certain evidence, an exhibit at the trial. The decedent was a traveling salesman and on the date of injury, while concededly engaged in the course of his employment, traveling alone in his automobile easterly on U. S. route 20 through Wood county, Ohio, his car was struck or sideswiped by a car traveling in the opposite direction. As a result Gutman's car was forced into a ditch and he suffered injuries for which he received industrial compensation to the time of his death. One of the very important items of evidence, as we view it, offered by claimant upon the rehearing of the claim before the commission and rejected by it and which was again offered by claimant in the trial below and received over objection, was a badly broken and bent steering wheel from an automobile, allegedly that of decedent. Upon the rehearing before the referee for the commission, counsel for claimant stated the reasons for the offer as follows: "Now, I would like to state the reason for the offer. It is our contention that the condition of the steering wheel is extremely illuminating and helpful to establish before the commission the nature and violence of the injuries which must have been sustained, and we proffer the exhibit."

We quite agree that from the present condition of the exhibit a very strong argument could be presented to a jury as to the violence of the impact of the steering wheel with some object. Without discussion of the medical claims made, we can say that if it were

shown that the wheel was caused to be in its present condition by such impact with decedent's chest, it would strongly support the claims made by appellee from a medical viewpoint, at least before a jury of laymen. But the fact is that there is no identification of the exhibit by anyone, or is there a word of evidence in the record by anyone that the exhibit was in its present condition when it was removed from a car, or who removed it, or from what car it was removed, or that any changes in its condition did or did not occur after its removal, or just where it was kept or by whom between the time of its removal and the rehearing before the referee, more than four years after the accident and nearly five and one-half years between the accident and the trial in Common Pleas Court. There is no identification whatever of the wheel or any evidence to show, if so identified, that it was in its present condition when found on decedent's car.

When an object, article, machine, machine part, tool, weapon or similar concrete thing is to be used in evidence to prove a fact with which it is related as of a previous time or event, it is not competent evidence unless it is first shown to be substantially in the condition as of the time or event to which it is claimed to be related. This principle of law is so well established as a rule of evidence that we deem it unnecessary to refer to many authorities. In the authorities, the element of remoteness of time of the offer from the time of the accident, injury or event, is also discussed. "Evidence was admitted in the trial court over the objection of the defendant as to the condition of the machine several months after the accident had occurred, when it was not shown that it was then in substantially the same condition as when the plaintiff received the injury, or that the defects existing in it at the time it was examined by the witnesses were not produced

after the accident. This evidence this court holds was incompetent." *Henkel* v. *Stahl,* 18 C. C., 831, 832, 9 C. D., 397.

"It must appear, as a preliminary to the introduction of any object in evidence, that it has not sustained any substantial change by reason of lapse of time or otherwise, since the time in issue." 20 American Jurisprudence, 602, Section 719.

The admission of this object in evidence, without identification and without any evidence as to its condition when offered as related to its condition at time in issue, was prejudicial error and requires a reversal and remand for a new trial. In view of this necessity, we shall not discuss other assignments of error.

*Judgment reversed and cause remanded.*

LLOYD and CARPENTER, JJ., concur.