THE STATE OF OHIO, APPELLEE, *v.* STEWART, APPELLANT.

[Cite as State v. Stewart, 1 Ohio App. 2d 260.]

(No. 2759—Decided November 5, 1963.)

*Mr. Paul R. Young,* prosecuting attorney, and *Mr. Louis I. Hoffman,* for appellee.

*Mr. Clarence J. Stewart,* for appellant.

KERNS, P. J. The defendant, appellant herein, James Allen Stewart, was convicted by a jury in the Court of Common Pleas of Montgomery County for a violation of Section 2913.14, Revised Code, which provides:

"No person shall engrave a plate for striking or printing false or counterfeit bank notes, knowing it to be designed for that purpose, or engrave, cut, or indent a piece of copper or other metal for striking, printing, or altering the writing, printing, or figures of a bank note or bill, knowing it to be designed for that purpose, or knowingly have in his possession and secretly keep such plate or piece of metal for any of such purposes."

In this appeal, the first of four assigned errors is that "the court erred in failing to sustain counsel for defendant's motion for a mistrial on the grounds that certain evidence was introduced which caused the jury to return a verdict based on passion and prejudice."

However, the record fails to disclose that a motion for a mistrial was ever made. The trial court was afforded no oppor-

tunity to rule on any such motion. As a matter of fact, this assignment of error is predicated entirely upon a statement made by an officer of the Dayton Police Department during the course of the trial. When asked what happened on a certain date, the officer answered, ''I arrested James Stewart for counterfeiting and forging Frigidaire payroll checks.'' Defense counsel immediately objected and moved that the answer be stricken. Thereupon, the trial court sustained the objection and instructed the jury not to consider the statement.

It thus appears that the trial court did all that it could to minimize any adverse effect upon the defendant's case that the answer of the officer may have engendered, and the statement, when placed in context, was clearly not such as to have required affirmative intervention by the trial court. In fact, it is extremely doubtful that the error assigned here, even if supported by the record, would have materially affected the outcome of the case so as to justify a reversal of the judgment. See Section 2945.83, Revised Code. The first assignment of error will therefore be overruled.

For his second assignment of error, the defendant questions the admission into evidence of five counterfeit plates discovered in the attic of his home, for the reason that they were altered by the police department of the city of Dayton. When found, the plates were covered with gray lacquer which was removed before trial.

In support of this assignment of error, the defendant cites the cases of *Gutman* v. *Industrial Commission*, 71 Ohio App., 383, and *Henkel* v. *Stahl*, 18 C. C., 831, 9 C. D., 397.

An examination of these cases discloses nothing which might reasonably be applied to the facts of the present case. More applicable here is the case of *Fabian* v. *State*, 97 Ohio St., 184. In that case, objection was made to the admission into evidence of a knife which had been altered by the removal of blood stains from the blade by a chemist in order that the blood might be analyzed. The Supreme Court ruled that it was not error to admit the knife in its ''altered'' condition.

In the present case, a police chemist testified concerning the removal of the lacquer from the plates with a substance called acetone, thus apprising the jury of the changed condition of the

plates. The testimony discloses further that some lacquer was left on the edges of the plates to show their original condition. Upon the record presented here, it is inconceivable that the jury was misled to the prejudice of the defendant by the removal of the lacquer. The plates themselves were not altered, and the absence or presence of the lacquer was not critical in the jury's determination of the guilt or innocence of the accused. Accordingly, this assignment of error is without merit.

The third assignment of error is closely related to the second assignment of error and is based upon the refusal of the court to instruct the jury during the presentation of the state's case that the condition of the plates had been changed. No formal request for a charge on this point was made at the conclusion of the evidence, and, as heretofore indicated, the jury was fully informed concerning the changed condition of the plates. When viewed in context, it is apparent that this assignment of error is completely without merit.

The fourth assignment of error, which is that the verdict of the jury is manifestly against the weight of the evidence, will also be overruled. There is substantial evidence in the record to support each element of the crime by the requisite degree of proof.

In our opinion, none of the errors assigned in this appeal is well made. It appears rather that the defendant was afforded a fair trial.

The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

SHERER and CRAWFORD, JJ., concur.