[File No. 7145.]

RESERVATION MOTOR CORPORATION, Appellant v.
ERVIN MAYER, Respondent.

(43 NW2d 537)

Opinion filed July 27, 1950

R. E. Swenseid, for appellant.
Q. R. Schulte, for respondent.

GRIMSON, J.   The plaintiff brought suit against the defendant upon an account for repairs on defendant's International pick-up truck amounting to $119.96.   The defendant counterclaimed for damages to the truck while it was in plaintiff's possession

and for loss of the use of the truck during said time amounting in all to $177.34. While the answer embodies a general denial, the defendant on trial of the case did not deny plaintiff's account for repairs and parts. The issue upon the trial was on the defendant's counterclaim for damages which is denied by the plaintiff. The case was submitted to a jury who found that the defendant's damages equaled the plaintiff's account and dismissed both the plaintiff's claim and the defendant's counterclaim. A judgment was entered accordingly.

The plaintiff made a motion for a new trial on the grounds of insufficiency of the evidence to justify the verdict, excessive damages awarded under influence of passion and prejudice, and alleged errors in the instructions of the court. The motion for a new trial was denied and this appeal is taken from the order denying the motion for a new trial and from the judgment entered.

The evidence shows that on or about the first day of November, 1947, the defendant delivered a half ton International pickup truck to the plaintiff's repair shop to have the fenders straightened and fenders and running-board welded to the body of the truck. The work was commenced the latter part of November. During the course of that work the plaintiff's mechanic welded a brace from the running-board to the side of the cab, "towards the middle part of the seat". In doing that he used an oxygen acetylene welder. The metal on the cab became red-hot and a fire started in one of the cushions and the upholstery inside the cab. No inspection had been made by plaintiff of the cab or truck and no precautionary measures taken to guard against fire. Some bystander shouted, "fire", before the mechanic discovered it. Immediately thereupon the cushion was taken out, the truck moved outside and the fire extinguished. The lining of the cab was completely burned out. The back cushion was entirely ruined and the other one damaged. The windows were battered up and clouded and some damage done to the paint. One side door window and the back window were broken. When the cushion was pulled off the seat it was discovered that the gasoline tank had been removed from the rear of

the truck and placed under the seat of the cab, and that the cap to cover the gasolene intake was missing.

Some talks concerning this fire were had by the plaintiff and defendant and plaintiff promised to repair the fire damage. The truck was left in plaintiff's possession. The damages were never repaired. Later defendant asked that the motor be placed in running condition. That was done in early January 1948. Defendant claims to have then needed the truck and asked for it in vain. About the first of March 1948, defendant asked the plaintiff to overhaul the motor. That overhaul job was not finished until late in March 1948. During the winter defendant claims to have had to hire trucking done at a cost of $75.00 which he would have done himself had he had the use of his own truck. To repair the fire damage to his truck he claims an expense of $102.32, making a total of $177.34, for which he counterclaimed.

When a motor vehicle is delivered to a garage for repairs, as in the instant case, a bailment for hire is created. 61 CJS 876. The plaintiff, under the evidence occupied the position of an independent contractor in repairing the car. The obligation was on the plaintiff as bailee to exercise at least ordinary care in the preservation of the defendant's car while it was being repaired. Sec 60-0111 NDRC 1943. Nagaki v. Stockfleth, 141 Neb 676, 4 NW2d 766; Farrell-Calhoun Co. Inc. v. Union Chevrolet Co., 21 Tenn App 554, 113 SW2d 419.

"As applied to bailments, ordinary care means such care as ordinarily prudent men, as a class, would exercise in caring for their own property under like circumstances." 6 Am Jur 354.

"One who has a car or other chattel repaired by an independent contractor usually entrusts to the contractor not only the manual labor of doing the repairs and the inspections necessary from time to time, but also the selection of the plan by which repairs are to be made and the materials which are to be used therein." Restatement of the Law of Torts, Vol 2, p 1093.

Defendant claims plaintiff did not use ordinary care in repairing the truck and that it was the plaintiff's negligence in the use of the oxygen acetylene torch on the truck without any examination of the truck and without taking any precautions against fire

that was the proximate cause of the fire and resulting damage. Plaintiff claims that the defendant negligently left the gasolene intake open causing gasolene fumes to arise and thereby contributed to the lighting of the fire and the proximate cause of the damage.

Negligence, contributory negligence and proximate cause are questions of fact for the jury, whenever reasonably fairminded, intelligent men can draw different conclusions from the evidence. Farmers' Mercantile Co. v. Northern P. R. Co. 27 ND 302, 316, 146 NW 550; McGregor v. Great Northern Ry. Co. 31 ND 471, 154 NW 261; Newton v. Gretter, 60 ND 635, 236 NW 254; Logan v. Schjeldahl, 66 ND 152, 262 NW 463; Leonard v. N. Dak. Co-op. Wool Marketing Ass'n, 72 ND 310, 6 NW2d 576. The evidence shows that to have been the situation. Different conclusions could be drawn from the evidence especially from the circumstances of the open intake on which is based the claimed contributory negligence of the defendant. The court submitted these matters to the jury under full and fair instructions. The jury found for the defendant on the counterclaim. The district court who heard and saw the witness, thoroughly and carefully analyzed the testimony in passing on the motion for a new trial and found that there was sufficient evidence to sustain that verdict. We have examined the evidence and find there is substantial evidence to support the verdict. When there is evidence to support the verdict the finding of the jury on those matters is conclusive. Leonard v. N. Dak. Co-op. Wool Marketing Ass'n, supra.

The plaintiff claims, however, that even so, the allowance made by the jury to the defendant for damages equal to plaintiff's account for repairs, $119.98, was excessive and claims the jury must have been actuated by passion or prejudice. Defendant asked for damages in the amount of $179.34 and offered some proof of damages in more than that sum. The jury reduced defendant's claim in the sum of $57.38. The court charged fully on the matter of damages. The amount of damages rested in the sound discretion of the jury under the instruction of the court. There is sufficient evidence to support the verdict

thereon. No inference of passion or prejudice can be drawn from the jury's action.

The plaintiff assigns several errors on the instructions of the court. Plaintiff picks excerpts from the instructions on contributory negligence, the standard of care and diligence required under the circumstances and the burden of proof required on the defendant's counterclaim. Even in themselves these excerpts are not prejudicial, and a careful reading of the instructions, discloses that when taken as a whole the instructions are fair and full on those matters. The instructions must be considered and construed as a whole. Young v. Harris, 4 Dak 367, 32 NW 97; Streeter v. Emmons County Farmer's Press, 57 ND 438, 222 NW 455; Wyldes v. Patterson, 31 ND 282, 153 NW 630; McGregor v. Great Northern R. Co. 31 ND 471, 154 NW 261.

Plaintiff made two requests for instructions. In so far as they state the law applicable to the facts in this case, such law was fully covered in the instructions given by the court. There was no error in the refusal to give the requested instructions. Bagg v. Otter Tail Power Co. 70 ND 704, 297 NW 774; Collard v. Fried, 41 ND 242, 170 NW 525.

Finding no error in the record the judgment and order of the District Court are affirmed.

NUESSLE, C.J., CHRISTIANSON, MORRIS and BURKE, JJ., concur.