Lloyd H. JOHNSON, Plaintiff and Appellant,

v.

Peter Raymond FRELICH, Defendant and Respondent.

Civ. No. 8368.

Supreme Court of North Dakota.

Oct. 9, 1967.

Rehearing Denied Nov. 16, 1967.

---

Duffy & Haugland, Devils Lake, for plaintiff and appellant.

Traynor & Traynor, Devils Lake, for defendant and respondent.

STRUTZ, Chief Justice.

The plaintiff brought this action for personal injuries suffered in a motor-vehicle accident, and recovered substantial damages. On motion duly made for judgment notwithstanding the verdict or, in the alternative, for a new trial, the trial court entered its order granting judgment notwithstanding the verdict. The plaintiff appeals from the judgment entered on this order.

The action arises out of a collision between the plaintiff's 1951 Chevrolet automobile and a pickup operated by the defendant, which collision occurred on October 9, 1963, at approximately 7:15 p. m. Just before the accident, the plaintiff was driving his Chevrolet in a westerly direction on a graveled township highway northeast of the city of Devils Lake. The testimony shows that the plaintiff had just crested a hill and was proceeding down the incline when he met the defendant coming from the opposite direction. The highway at that point was thirty feet wide. This width, however, included a grass shoulder about five feet in width and a loose gravel shoulder about three feet wide on each side of the highway. Thus the actual driving surface of the highway at the point of collision was about fourteen feet wide. The plaintiff's testimony discloses that at the point of collision, which was some distance below the crest of the hill which he had just crossed, the travel portion of the highway had three lanes and that there was a tendency of vehicles traveling in opposite directions to use the outer lane for the right wheels and to share the center lane.

The record discloses that the damage to the plaintiff's vehicle was to the left front, while the damage to the defendant's pickup was to the left side, extending from the back of the front fender to the rear of the truck. Each party claims to have been on his right side of the highway. The plaintiff concedes that as the defendant's vehicle approached it appeared to be on its own side of the highway but that, just before impact, the defendant appeared to turn suddenly to his right, swinging the box of the pickup into the plaintiff's lane of travel.

The defendant made a motion for directed verdict at the close of the plaintiff's case. This motion was renewed at the close of all of the evidence. These motions were denied by the trial court. In denying defendant's motions for directed verdict, the court submitted the case to the jury, subject to a later determination of the questions of law raised by such motions as required by Rule 50(b), North Dakota Rules of Civil Procedure. After the jury had returned its verdict for the plaintiff, the defendant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court granted the motion for judgment notwithstanding the verdict, but did not pass conditionally on the alternative motion for new trial as required by Rule 50(c), North Dakota Rules of Civil Procedure.

■ The first issue which must be considered on this appeal is whether the defendant is entitled to judgment as a matter of law, for a party must be entitled to judgment as a matter of law on the merits before his motion for judgment notwithstanding the verdict can be granted. Aetna Indemnity Co. v. Schroeder, 12 N.D. 110, 95 N.W. 436.

■ The motion for judgment notwithstanding the verdict, in effect, calls for a review of the trial court's ruling in denying the motion for directed verdict made at the close of all of the evidence, and brings before the trial court, for a second time, the questions which were raised by the motion for directed verdict. Kinnischtzke v. City of Glen Ullin, 79 N.D. 495, 57 N.W.2d 588.

■ Such motion for judgment notwithstanding the verdict calls for a review of the grounds assigned in support of the motion for directed verdict. Lindenberg v. Folson (N.D.), 138 N.W.2d 573. And, in considering such motion, the evidence must be viewed in the light most favorable to the verdict. Mikkelson v. Risovi (N.D.), 141 N.W.2d 150; Vaux v. Hamilton (N.D.), 103 N.W.2d 291.

■ Negligence and contributory negligence are questions of fact for the jury if reasonable, fair-minded men can draw different conclusions from the evidence. Reservation Motor Corp. v. Mayer, 77 N.D. 431, 43 N.W.2d 537.

■ Where, however, the facts and circumstances constituting the negligence are such that reasonable men can draw but one inference or conclusion therefrom, negligence becomes a question of law. Lostegaard v. Bauer, 78 N.D. 711, 51 N.W.2d 761; Pundt v. Huether (N.D.), 100 N.W.2d 431; Austinson v. Kilpatrick (N.D.), 105 N.W.2d 258; Gravseth v. Farmers Union Oil Co. of Minot (N.D.), 108 N.W.2d 785.

Applying these principles of law, let us now examine the record in this case.

The plaintiff's own testimony is that where the highway crossed over the crest of the hill, there were four tracks. As the highway descended the hill toward the point of collision, the two center tracks merged into one so that at the point of collision there were just three tracks, and that vehicles going in either direction used the common, center track. Gravel had been thrown up from these tracks so that there was loose gravel from the outside track to the shoulder on each side of the road. The record is not clear as to whether the center lane of the three lanes of traffic was in the center of the highway or on the right or left thereof.

The plaintiff testified that he drove straight ahead and that his right wheels were to the left of the loose gravel on his side of the highway, and his left wheels were traveling in the center, or common, lane; that the defendant was using the same track, coming toward the plaintiff; and that, when it appeared that there might be a collision, the defendant turned to his right just before impact. The plaintiff contends that this movement threw the box of the defendant's pickup into the plaintiff's path, thus causing the accident.

The plaintiff further testified that, just before the accident, he suddenly realized that an impact was imminent, but admits that he made no effort of any kind to avoid a collision. He did testify, however, that he was on his own side of the highway.

■ Thus there is evidence of negligence from which fair-minded men could draw different conclusions. And, since reasonable men might draw different conclusions from the evidence, the trial court could not say, in viewing the evidence most favorable to the verdict, that the defendant was entitled to judgment as a matter of law.

The defendant's motion, made after the jury's verdict had been returned, was for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court, however, after granting the motion for judgment notwithstanding the verdict, did not pass on the alternative motion for new trial. The only reasonable conclusion this court can draw from the trial court's action is that the court, having granted judgment notwithstanding the verdict, did not deem it necessary to pass on the motion for new trial. This being true, justice requires that the defendant be permitted to obtain a ruling of the trial court on his motion for a new trial. As we said in Chicago, Milwaukee, St. Paul and Pacific R. R. v. Johnston's Fuel Liners, Inc. (N. D.), 122 N.W.2d 140,

"Where a motion is made for a judgment notwithstanding the verdict and, in the alternative, for a new trial and the trial court grants the motion for judgment notwithstanding the verdict but does not pass conditionally on the motion for a new trial, as required by Rule 50(c), N.D.R.Civ.P., on reversal of the trial court on appeal, the case may be remanded to permit the moving party to press promptly for a ruling from the trial court on his motion for a new trial."

Whether a new trial should be granted rests in the trial court's sound discretion in considering the alternative motion of the defendant for a new trial. Sucher v. Oliver-Mercer Electric (N.D.), 151 N.W.2d 321.

This case is therefore remanded to the trial court with instructions to vacate the judgment notwithstanding the verdict and to order judgment consistent with the verdict of the jury, subject to the right of the respondent, Peter Raymond Frelich, to promptly press for a ruling from the trial court on his motion for a new trial.

PAULSON, KNUDSON, ERICKSTAD and TEIGEN, JJ., concur.