JACOBY *v.* SCHAFSNITZ.

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN
OF PROOF.

In action for damages arising from automobile accident, plaintiff
has the burden of proof of defendant's negligence and absence
of contributory negligence on part of plaintiff.

2. SAME—NEGLIGENCE—LEFT TURN—WARNING.

In action for damages arising from automobile collision occurring
on State trunkline highway, record *held*, to sustain finding of
trial court that defendant was guilty of negligence which was
a proximate cause of the accident in not making proper obser-
vation to the rear to ascertain whether vehicles were approach-
ing from that direction in such proximity that he could make
left turn into private driveway in safety and made no effective
warning of intention to do so in compliance with statute
(1 Comp. Laws 1929, § 4711).

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—AUTOMOBILES—SIMUL-
TANEOUS CONDUCT.

Consideration of defendant's simultaneous conduct in making
left turn into private driveway from State trunkline highway
in determining question of plaintiff's contributory negligence
in attempting to pass defendant *held*, proper and necessary
since conduct of latter influenced and possibly controlled that
of plaintiff in his attempt, while driving at speed of 40 miles
per hour, to pass defendant, since if latter did not give timely
warning of intention to turn, plaintiff was justified in assum-
ing he could pass in safety (1 Comp. Laws 1929, § 4711).

4. AUTOMOBILES—OVERTAKING VEHICLES—WARNING.

Warning of intention to pass given by driver of overtaking vehi-
cle to one about to be overtaken is not sufficient unless given
timely and audibly (1 Comp. Laws 1929, § 4706).

5. NEGLIGENCE — AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — EVI-
DENCE.

Determination of question of contributory negligence as an issue
of fact in case for damages arising from motor vehicle accident
occurring on State trunkline highway *held*, properly so deter-

mined where there is evidence to show plaintiff gave audible warning of intention to overtake and pass defendant's truck while still in back of latter, thereafter turned to left to pass at speed of 40 miles per hour and damage to plaintiff's car from collision was middle portion of right side (1 Comp. Laws 1929, §§ 4706, 4711).

6. APPEAL AND ERROR—CASE TRIED WITHOUT JURY.

Holding of trial judge in personal injury case tried by court without a jury on issues of negligence and contributory negligence is affirmed where record on appeal is such that had case been tried before a jury its verdict on such questions would necessarily have been sustained.

Appeal from Tuscola; Dehnke (Herman), J., presiding. Submitted January 9, 1935. (Docket No. 27, Calendar No. 37,225.) Decided March 5, 1935.

Case by George Jacoby against John Schafsnitz for damages sustained in an automobile collision on a State trunkline highway. Judgment for plaintiff. Defendant appeals. Affirmed.

*Orr & Orr,* for plaintiff.

*Kern & Ransford (Picard & Heilman,* of counsel), for defendant.

NORTH, J. This is a suit arising from an automobile accident. It was heard in the circuit court without a jury and plaintiff had judgment. Defendant has appealed.

The accident happened in the daytime and there were no unusual conditions of traffic or highway which have a material bearing on the outcome of the case. Both plaintiff and defendant were proceeding in an easterly direction on State trunkline No. M-24, which is paved to a width of 20 feet and has reasonably wide dirt shoulders. Defendant was driving a Ford truck the body of which extended about 14

inches further on each side than the inclosed cab. At the time of the accident defendant resided on the northerly side of this trunk line. As he approached the driveway leading into his residence he turned to his left. Just at this time plaintiff, driving his automobile, overtook defendant and attempted to pass on the left or northerly side of the highway. The two vehicles collided, the left-hand front portion of defendant's truck coming into contact with the right-hand side of plaintiff's Ford roadster. There was a cement culvert with abutments in the driveway into defendant's premises. This culvert is about six feet from the northerly edge of the pavement. Plaintiff's roadster came more or less into contact with the cement culvert, and incident to the collision the roadster went off the northerly side of the pavement, broke down a mail box post and collided with a telephone pole with such force that the pole was broken and the roadster badly wrecked. Defendant's truck veered slightly to the right and went a short distance past the driveway.

The controlling questions are the negligence of defendant and contributory negligence of plaintiff. The burden of proof as to each of these issues is upon plaintiff. On both issues there is a decided conflict of testimony, and we will not incumber decision with complete recital of details. Upon careful consideration of testimony pro and con, the trial judge concluded that there was testimony of certain physical facts which tended strongly to indicate that defendant and his witnesses were not entitled to full credence. In this view of the testimony the trial court found defendant guilty of negligence in that he did not make a proper observation to the rear for the purpose of ascertaining whether another vehicle was approaching him from the rear in such proxim-

ity that he could not with reasonable safety turn to his left and drive into his own premises. The record sustains the finding of the trial court that defendant was guilty of negligence which was a proximate cause of the accident.

On the question of plaintiff's contributory negligence, the trial judge gave consideration to the simultaneous conduct of defendant for the purpose of arriving at a proper conclusion as to whether under the circumstances plaintiff exercised reasonable care in his attempt to pass defendant. This was not only proper but necessary because plaintiff's course of conduct in attempting to pass was necessarily influenced and possibly controlled by defendant's conduct. If defendant had given an effective and timely warning of his intention to make a left-hand turn, plaintiff necessarily would have been controlled thereby in the manner of driving his automobile. But, on the other hand, if defendant in violation of the statute (1 Comp. Laws 1929, § 4711) did not give adequate warning of his intention to turn to the left, plaintiff was justified in assuming that he could pass in safety. Under the testimony as viewed by the trial judge, and we think properly, defendant gave no effective warning of his intention to make a left-hand turn; and it was not negligence for plaintiff to attempt to pass on this open country highway at a comparatively high rate of speed, substantially 40 miles an hour. On the question of whether plaintiff gave reasonable warning of his intention to pass, the trial court in his opinion calls attention to the testimony that the horn on plaintiff's car was in good condition and that one or more blasts of the horn were heard by an occupant of plaintiff's car and loudly heard before plaintiff

undertook to pass. The warning which plaintiff was required to give of his intention to pass defendant (1 Comp. Laws 1929, § 4706) was not sufficient unless timely given. *Lauth* v. *Woodruff,* 265 Mich. 34. We think the testimony does not sustain appellant's assertion in his reply brief that "plaintiff didn't see fit, as he claims, to sound his horn until he was even with defendant." Instead we think the trial court was justified in accepting the testimony of plaintiff's witness which in substance was that as these motor vehicles approached the point of accident defendant's truck was proceeding on the right-hand side of the pavement, and that plaintiff sounded his horn when he was still "back of the truck." This being true it would follow that plaintiff's turning to the left in passing was subsequent to sounding his horn. Further the physical fact that the greatest damage to plaintiff's car from the collision was as far back as the middle portion of the right-hand side tends strongly to support plaintiff's claim that he was well under way in passing defendant's truck before the latter turned to his left and thereby caused the collision. Because of these and other facts disclosed by the record, appellant's contention that plaintiff should be held guilty of contributory negligence as a matter of law cannot be sustained; instead contributory negligence in the instant case was an issue of fact and properly determined as such.

The record on this appeal is such that if the case had been tried by a jury we would necessarily find testimony sustaining a verdict in favor of plaintiff on both the question of negligence and contributory negligence. Our review of the testimony satisfies us

that it sustains the holding of the trial judge on both these questions.

Judgment affirmed.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.