Merle E. **WILLARD**, Plaintiff and Respondent,

v.

William Vincent **OWENS**, Defendant and Appellant.

Civ. No. 8509.

Supreme Court of North Dakota.

Feb. 7, 1969.

Ray H. Walton, Williston, for plaintiff and respondent.

Lynn E. Crooks, Sp. Asst. Atty. Gen., Bismarck, as counsel for Unsatisfied Judgment Fund, for defendant and appellant.

STRUTZ, Judge.

This is an action brought for the wrongful death of the plaintiff's husband, who was killed when a truck which he was driving collided with a Mercury automobile driven by the defendant.

The record discloses that the plaintiff's decedent was driving a milk truck belonging to his employer, in a westerly direction on a two-lane road just west of the city limits of Williston. At the same time, the defendant was driving his Mercury automobile along the same road, also in a westerly direction. The evidence is quite clear that the defendant was driving at an ex-cessive rate of speed and while under the influence of intoxicating beverages. He passed an automobile driven by one LeRoy Grimmer, who was an eyewitness to the accident, and then, after passing the Grimmer vehicle, the defendant remained in the lefthand lane, evidently for the purpose of also passing the truck of the plaintiff's decedent. The defendant admits that, as he was about to overtake the truck, he failed to give any audible warning by sounding his horn, as required by our law. Section 39–10–11(1), North Dakota Century Code, provides in part:

> "* * * When not within a business or residence district, the driver of an overtaking vehicle shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction; * * *."

Just as the defendant was about to pass the truck, the plaintiff's husband, without giving any signal of his intention so to do, suddenly turned into the left lane. There is evidence by one of the plaintiff's witnesses, undisputed in the record, that as the plaintiff's decedent turned into the left lane the defendant turned his car slightly to his left, but that this maneuver failed to avoid a collision and the defendant struck the left front of the truck. The truck then traveled down the highway a short distance and finally turned over, crushing the plaintiff's husband to death. The record further shows that the defendant's turn into the left lane was made between intersections and that there was a clear view for some distance to the rear.

There is no definite evidence as to the exact spot where the plaintiff's decedent started to make his turn into the left lane. Two eyewitnesses to the accident testified. One, a Mr. Davis, testified that the plaintiff's decedent made the turn into the left lane one-half to two-thirds of a block from the intersection ahead. The other, LeRoy Grimmer, whom defendant had passed some distance back on the highway, testified that the defendant attempted to pass

the truck and was "Right behind it. Directly right even with the end of the truck." The driver of the truck, without giving any signal of his intention so to do, then started to turn into the left lane.

The witness Grimmer was unable to judge how far from the intersection the vehicles were when they collided, but that it was before the entrance to the intersection is beyond dispute. From the markings on the highway, it would appear that the driver of the truck made his left turn at least ninety to 100 feet from the intersection, and, as already pointed out, all of the evidence indicates that the truck driver gave no signal of his intention to make such left turn.

The trial court, in submitting the case to the jury, also submitted four special interrogatories. Two of them related to the negligence of the defendant. The other two were:

"Was the decedent, Alva V. Willard, negligent in the operation of the motor vehicle being driven by him at the time of the mishap?" and

"If Alva V. Willard was negligent in the operation of the vehicle being driven by him at the time of the mishap, was his negligence a proximate cause of the mishap?"

When the jurors returned with their verdict, they had answered in the affirmative the two special interrogatories relating to the negligence of the defendant. They had not, however, answered the two interrogatories which related to the negligence of the plaintiff's decedent. The following then took place, after the verdict had been handed to the trial court:

THE COURT: "Members of the jury, there are two interrogatories that have not been answered. Do you wish to complete those Mr. Alfson?"

Mr. Alfson, the foreman of the jury, replied:

"There was a question with regard to answering them. If we answered them it would possibly change the final verdict on it."

THE COURT: "Well, of course that is a risk you have to take."

MR. ALFSON: "For that reason, we prefer to answer it in this manner, omitting those answers."

The court thereupon instructed the jury that the questions would have to be answered, and the jury retired for further deliberation.

When the jury finally returned, it brought in a verdict for the plaintiff, with answers to the two interrogatories regarding the negligence of the plaintiff's decedent. Its answers show that it found the deceased negligent in the operation of his motor vehicle at the time of the accident, but found that such negligence was not a proximate cause of the collision. The defendant moved for judgment notwithstanding the verdict, which motion was denied by the trial court, and the defendant appeals to this court from the judgment and from the order denying the motion for judgment notwithstanding the verdict.

The negligence of the defendant is not in issue on this appeal. The jury found that he was negligent and that his negligence was a proximate cause of the collision. There is ample evidence to sustain such finding. In fact, on argument in this court, the defendant conceded his negligence and that it was a proximate cause of the accident.

The sole issue before us on this appeal, therefore, is whether the negligence of the plaintiff's decedent, also found by the jury, was a proximate cause of the collision which occurred, as a result of which the plaintiff's decedent was killed.

■ This court has repeatedly held that questions of negligence, contributory negligence, and proximate cause ordinarily are questions for a jury, and it is only when

the record is such that reasonable men can draw but one conclusion therefrom that such questions become questions of law for the court. Gleson v. Thompson, 154 N.W. 2d 780 (N.D.1967); Johnson v. Frelich, 153 N.W.2d 775 (N.D.1967); Peterson v. Rude, 146 N.W.2d 555 (N.D.1966); Willert v. Nielsen, 146 N.W.2d 26 (N.D.1966); Vick v. Fanning, 129 N.W.2d 268 (N.D. 1964); Chicago, M., St. P. & P. R. Co. v. Johnston's Fuel Liners, Inc., 122 N.W.2d 140 (N.D.1963); Bauer v. Kruger, 114 N. W.2d 553 (N.D.1962); Gravseth v. Farmers Union Oil Co. of Minot, 108 N.W.2d 785 (N.D.1961).

■ The jury, by its answer to the first interrogatory relating to the plaintiff's decedent, found that he had been negligent in the operation of his truck. We now must determine whether the evidence of his negligence is such that reasonable men can draw different conclusions therefrom on the question of whether such negligence was a proximate cause of the collision which resulted in his death. In considering this question on appeal from the judgment and from the order denying judgment notwithstanding the verdict, we must view the evidence in the light most favorable to the plaintiff and the verdict of the jury. La Bree v. Dakota Tractor & Equipment Co., 69 N.D. 561, 288 N.W. 476 (1939); Nelson v. Scherling, 71 N.D. 337, 300 N.W. 803 (1941); Larson v. Meyer, 135 N.W.2d 145 (N.D.1965); Mikkelson v. Risovi, 141 N.W.2d 150 (N. D.1966); Johnson v. Frelich, *supra;* Christensen v. Farmers State Bank of Richardton, 157 N.W.2d 352 (N.D.1968). Consequently, if there is any substantial evidence to sustain the finding of the jury, it will not be disturbed on appeal.

■ Under our law, the driver of a motor vehicle shall drive the same within a single lane of a highway divided into clearly marked lanes, and he shall not move from such lane until he first ascertains that such movement can be made with safety. Sec. 39–10–17(1), N.D.C.C.

■ The defendant contends that the plaintiff's decedent was intending to make a left turn at the intersection ahead, and started to execute such turn before reaching the intersection, contrary to Section 39–10–35(2), North Dakota Century Code. Regardless of what his intention might have been, the record is clear that he did make a turn into the left lane some distance before reaching the intersection, without discovering the presence of the defendant, who was about to pass him. The evidence is not definite as to just how far from the intersection this turn to the left was made, but it is beyond dispute that it was made prior to reaching the intersection. The eyewitnesses agreed that no signal was given by the plaintiff's decedent before making such turn.

■ All of this establishes that the deceased was negligent in the operation of his truck just prior to and at the time of the collision with the defendant's car. The jury found his actions to be negligent. But such negligence must have been a proximate cause of the accident if it is to bar recovery by the plaintiff for decedent's death. If the evidence is such that reasonable minds can differ on whether this negligence contributed to causing the accident, the finding by the jury that such negligence was not a proximate cause of the accident will not be disturbed on appeal. This court has defined "proximate cause" as that which in natural and continuous sequence, unbroken by any controlling intervening cause, produces injury, and without which it would not have occurred. Olson v. Cass County Electric Co-operative, Inc., 94 N.W.2d 506 (N.D.1959); State for Benefit of Workmen's Compensation Fund v. Columbus Hall Ass'n, 75 N.D. 275, 27 N.W.2d 664 (1947); Froemke v. Otter Tail Power Co., 68 N.D. 7, 276 N.W. 146 (1937); Johnson v. Minneapolis, St. P. & S. Ste. M. R. Co., 54 N.D. 351, 209 N.W. 786 (1926).

■ Applying this test to the negligence of the plaintiff's deceased in this

case, it is apparent that reasonable men can come to but one conclusion on the question of proximate cause, and that is that the negligence of the decedent, which was found by the jury, in natural and continuous sequence, unbroken by any controlling intervening cause, produced the collision which resulted in his injury and that without such negligence the accident would not have happened. His turning to the left, directly into the path of the defendant's automobile, without giving any warning of his intention so to do, was a proximate cause of the collision which produced his injury. See Jacoby v. Schafsnitz, 270 Mich. 515, 259 N.W. 322 (1935), where the Michigan Supreme Court held that a truck driver who made a left turn into the oncoming lane of traffic and collided with an automobile going in the same direction, just as it was about to pass him, was negligent and that his negligence was a proximate cause of the collision which resulted.

We find that the negligence of the plaintiff's decedent was a proximate cause of the accident which resulted in his death, and that without such negligence the collision would not have occurred.

For reasons stated in this opinion, the judgment of the district court is reversed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.